# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RHONDA LAVETTE FIFER**,

      Plaintiff,

    **v.**                    **Case No. 15-CV-1121**

**DR. DAVID HOLLOWAY, et al.,**

      Defendants.

---

## SCREENING ORDER

---

*Pro se* plaintiff Rhonda LaVette Fifer has filed a complaint alleging that her rights were violated while she was incarcerated at Taycheedah Correctional Institution. This matter is before the Court on Ms. Fifer's motion to proceed *in forma pauperis* (ECF No. 2) and for screening of her complaint (ECF No. 1).

### Ms. Fifer's Motion to Proceed *In Forma Pauperis*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On September 18, 2015, the Court assessed an initial partial filing fee of $29.61. (ECF No. 5.) Ms. Fifer paid that fee on September 28, 2015. Accordingly, the Court grants Ms. Fifer's motion to proceed *in forma pauperis.*

<u>Screening of Ms. Fifer's Complaint</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to

2

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Ms. Fifer alleges that in February 2015, defendant Dr. David Holloway, her psychiatrist at Taycheedah, prescribed Buspirone to treat her anxiety. Ms. Fifer states that Holloway failed to inform her of potential serious side effects, one of which is Tardive Dyskinesia, a disorder she had been previously diagnosed with

3

years before. Ms. Fifer alleges that she complained about not receiving the side effects warning to defendant Nurse Practitioner Morgan Bailey; however, she received unsatisfactory responses from Bailey and defendant Melissa Hamacek, indicating only that the information would be passed along.

Ms. Fifer also alleges that years earlier she began taking the drug Seroquel. Shortly afterwards, she was diagnosed with Tardive Dyskinesia. Ms. Fifer states she desires to sue AstraZeneca, the manufacturer of the drug, based on its failure to warn her of potential serious side effects.

Based on the Court's reading of the complaint, it appears that Ms. Fifer is attempting to improperly bring unrelated claims in a single case. The United States Court of Appeals for the Seventh Circuit, in construing Federal Rule of Civil Procedure 18(a), instructs that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Federal Rule of Civil Procedure 20 applies as much to prisoner cases as it does to any other case.

4

507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

The Court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. On the one hand, Ms. Fifer attempts to state §1983 and medical malpractice claims against Holloway, Bailey, and Hamacek (among others) in connection with Holloway's failure to warn her of serious side effects associated with the drug Buspirone. On the other hand, Ms. Fifer attempts to state a product liability claim against AstraZeneca for its failure to warn of serious side effects associated with a different drug, Seroquel. Based on Ms. Fifer's allegations, it does not appear that Holloway, Bailey, or Hamacek were involved in prescribing Seroquel to Ms. Fifer. Although Ms. Fifer alleges to have suffered from Tardive Dyskinesia as a result of taking the two different drugs, this shared side effect is insufficient to form a common basis for the claims she seeks to pursue.

Because under *George* we must reject "buckshot complaints" (*id.*), the Court will strike the original complaint submitted on September 16, 2015. Ms. Fifer will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case may be brought in a separate action, if Ms. Fifer so chooses.

5

Ms. Fifer is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If Ms. Fifer chooses to file an amended complaint, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Further, Ms. Fifer is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* In other words, with respect to any claim or claims she advances in her amended complaint, Ms. Fifer must identify the individual defendant(s) and specify in her allegations how his/her/their actions, or failure to take action, violated her constitutional rights. Failure to do so with each defendant may result in the dismissal of a particular defendant based on Ms. Fifer's failure to state a claim against that defendant or entity.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on September 16, 2015, is **STRICKEN**.

**IT IS ALSO ORDERED** that plaintiff may file an amended complaint on or before **November 6, 2015**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if plaintiff chooses not to file an amended complaint by **November 6, 2015,** that complies with the requirements of Federal Rules of Civil Procedure 18 and 20, the Court will dismiss this action for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $320.39 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> United States District Court
> Office of the Clerk
> Eastern District of Wisconsin
> 362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2015.

**BY THE COURT:**

**s/** *David E. Jones*
DAVID E. JONES
United States Magistrate Judge