# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RHONDA LAVETTE FIFER**,

    Plaintiff,

  v.                                    Case No. 15-CV-1121

**DR. DAVID HOLLOWAY, et al.**,

    Defendants.

## SCREENING ORDER

*Pro se* plaintiff Rhonda LaVette Fifer filed a complaint under 42 U.S.C. §1983, alleging that her rights were violated while she was incarcerated at Taycheedah Correctional Institution. The Court screened Ms. Fifer's complaint on October 5, 2015, and concluded that the complaint violated Federal Rules of Civil Procedure 18 and 20 because it advanced unrelated claims against multiple defendants. The Court gave Ms. Fifer the opportunity to file an amended complaint, which she did on November 2, 2015. This matter is now before the Court for screening of her amended complaint.

    The Court is required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted,

or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

As the Court previously explained to Ms. Fifer, to state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If

2

there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Allegations in the Complaint

Ms. Fifer alleges that in February 2015, defendant Dr. David Holloway, her psychiatrist at Taycheedah, prescribed Buspirone to treat her anxiety. Ms. Fifer states that Dr. Holloway failed to inform her of potential serious side effects, one of which is tardive dyskinesia, a disorder she had been previously diagnosed with years before. Ms. Fifer alleges that she complained about not receiving the side effects warning to defendant Nurse Practitioner Morgan Bailey; however, she received unsatisfactory responses from Bailey and defendant Melissa Hamachek, who indicated only that they had passed along her complaint.

3

Ms. Fifer also alleges that Dr. Holloway prescribed Remeron and Trazodone in November 2010, even though he knew that she had lost consciousness the week prior after taking Remeron. She claims that Dr. Holloway failed to give her side effect information about that medication as well.

Finally, Ms. Fifer alleges that Dr. B. Weffenstat and Dr. Julia Reschke prescribed medications in May 2001 and September 2005, respectively, without informing her of the potential side effects.

Ms. Fifer alleges that as a result of these medications (which she implies she would not have taken had she known about the potential side effects), she suffers from tardive dyskinesia, TMJ, orthostatic hypertension, loss of eyesight, and hypothyroidism.

<u>Legal Analysis of the Allegations</u>

Ms. Fifer once again attempts to bring unrelated claims in a single case. As the Court explained in its October 5, 2015 order, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Under Federal Rule of Civil Procedure 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Ms. Fifer attempts to state claims against three different doctors based on her allegations that each one failed to provide her with information about potential

4

side effects. Although Ms. Fifer alleges that each doctor engaged in the same type of misconduct, the doctors acted independently and years apart from one another. There is no connection between the doctors that would permit Ms. Fifer to proceed against them in a single suit.

Typically, the Court would dismiss Ms. Fifer's complaint without prejudice and allow her to file an amended complaint that advances only related claims. However, the Court notes that two of the three claims Ms. Fifer pursues in her amended complaint are barred by Wisconsin's six-year statute of limitations. Specifically, Ms. Fifer alleges that Dr. Weffenstat prescribed medication without warning her of the side effects in 2001, and that Dr. Reschke prescribed medication without warning her of the side effects in 2005. The statute of limitations bars Ms. Fifer from pursuing claims against either of these defendants based on these allegations. *See Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989) (holding that "Wisconsin's six-year personal rights statute of limitations applies to §1983 actions"); WIS.STAT.ANN §893.53.

Given that only the actions of Dr. Holloway are within the limitations period, the Court concludes that this is the only viable claim against a doctor in Ms. Fifer's complaint.

As such, the Court will not require Ms. Fifer to file an amended complaint. The Court will allow Ms. Fifer to proceed on her claim that Dr. Holloway violated the Eighth Amendment because he showed deliberate indifference to her serious medical needs when, despite knowing her medical history, he prescribed a

5

medication with serious side effects of which he failed to warn her. *See Phillips v. Wexford Health Sources, Inc.*, 522 Fed. Appx. 364, 367 (7th Cir. 2013) (holding that allegations of a substantial risk of developing a side effect are sufficient to state a claim of deliberate indifference when a doctor fails to warn of those side effects).

However, Ms. Fifer may not proceed on her deliberate indifference claims against Bailey and Hamachek based on their failure to provide Ms. Fifer with information about the side effects. Ms. Fifer alleges that she complained to them that she had not received information about side effects from Dr. Holloway but they did not provide her with the requested information. Ms. Fifer does not allege that either of them were aware of her medical history or had reason to know that there was a significant risk to Ms. Fifer of developing any side effect. Without such knowledge, Ms. Fifer's deliberate indifference claims against these defendants fails. *Id.* (explaining that unless a defendant knows of a substantial risk of harm to an inmate, he is not "required to provide each prisoner-patient with an exhaustive list of all the possible adverse effects of each aspect of his treatment") (citations omitted).

**NOW, THEREFORE, IT IS ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on David Holloway.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, David Holloway shall

file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that Dr. B. Weffenstat, Melissa Hamachek, Morgan Bailey, and Julia Reschke are **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2015.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge