# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RHONDA LAVETTE FIFER,<br><br>                          Plaintiff,<br>v.<br><br>DR. DAVID HOLLOWAY,<br><br>                          Defendant. | Case No. 15-CV-1121-JPS<br><br>7th Circuit Case No. 16-3883<br><br><br><br>**ORDER** |

      On September 30, 2016, the Court granted Defendant's motion for summary judgment and dismissed this action. (Docket #64 and #65). On November 9, 2016, Plaintiff filed a notice of appeal from the Court's order. (Docket #66). In her notice of appeal, Plaintiff included a request, addressed to the Seventh Circuit Court of Appeals, that she be permitted to proceed with the appeal *in forma pauperis*. *Id.* at 4. Although she directed her request to the Court of Appeals, this Court must rule on such a request in the first instance. The Court therefore construes her notice of appeal as including a request to this Court for leave to proceed without prepayment of the filing fee on appeal. The request will, for the reasons stated below, be denied.

      Plaintiff, a prisoner proceeding *pro se*, may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether the prisoner takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026.

The Court finds that Plaintiff's appeal is not taken in good faith. First, as the Court noted in its summary judgment order, Plaintiff failed to exhaust her administrative remedies with respect to her claims arising from incidents of deliberate indifference to serious medical need in 2010. (Docket #64 at 9). Defendant proffered facts showing that Plaintiff did not timely file any complaints relating to the 2010 incidents. Plaintiff did not dispute those facts. Indeed, her motion papers suggested that she no longer intended to pursue her 2010 allegations. As such, this claim was undoubtedly meritless.

Second, Plaintiff's allegations that Defendant failed to warn her about possible serious side effects of medications fell well short of establishing deliberate indifference. The medical records available showed that Defendant had indeed discussed with Plaintiff the possible side effects of the medications in question. *Id.* at 12. Moreover, even if Defendant had not done so, Plaintiff came forward with no evidence that Defendant knew of a substantial risk that she would suffer serious side effects. *Id.* at 13–14. At worst, Defendant's failure to warn might be medical malpractice, but no reasonable jury could conclude that it amounted to a constitutional violation. *Id.* Thus, the Court finds that Plaintiff's appeal is wholly without merit. Accordingly, the Court is obliged to deny Plaintiff's request for leave to appeal without prepayment of the filing fee.

Finally, because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiff regarding proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without prepayment of the filing fee unless the Court of Appeals gives her permission to do so. Plaintiff has thirty (30) days from the date of

this order to request that the Seventh Circuit review the Court's denial of her request for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, she must include an affidavit and statement of issues she intends to present on appeal, pursuant to Fed. R. App. P. 24(a). She must also provide a copy of this order, in addition to the notice of appeal she previously filed. If Plaintiff does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers her case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #66) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge